Engels J. Tejeda (11427)
Cory A. Talbot (11477)
April M. Medley (16102)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT  84101
Telephone: (801) 799-5800
EJTejeda@hollandhart.com
CATalbot@hollandhart.com
AMMedley@hollandhart.com

*Attorneys for RocketDrop, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| In re:<br><br>iRecertify, LLC,<br><br>Debtor. | Bankruptcy No. 24-25156<br><br>Chapter 11<br><br>Honorable Peggy Hunt |
|---|---|
| ROCKETDROP, LLC'S MOTION FOR RELIEF FROM BANKRUPTCY STAY ||

Pursuant to 11 U.S.C. § 362(d)(1), RocketDrop, LLC ("RocketDrop") moves the Court for an order clarifying that the automatic stay does bar continuation of pre-petition litigation against non-debtors Kirk Cunningham and Brett Kitson. RocketDrop further requests a waiver of the stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure on any order granting the Motion because neither Cunningham nor Kitson is properly subject to the automatic stay in the first place, and their attempt to invoke the automatic stay applicable to Debtor iRecertify, LLC is unnecessarily delaying state court litigation between non-debtors.

This Motion is supported by the following Memorandum and the Exhibits attached hereto.

1

**MEMORANDUM**

**I.    Background.**

1.    In June 2024, RocketDrop filed its Amended Complaint against debtor iRecertify, LLC (the "Debtor") and against the Debtor's principals, Cunningham and Kitson, in *RocketDrop, LLC v. iRecertify, LLC, et al.*, Case No. 240100062, in the Fourth Judicial District Court for the State of Utah (the "Utah Case"). A copy of the Amended Complaint is included as **Exhibit A**. The Amended Complaint asserts claims against the Debtor for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, negligent misrepresentation, and, in the alternative, equitable estoppel. (*See* Ex. A ¶¶ 19-54.) The Amended Complaint also asserts claims against Cunningham and Kitson for fraudulent inducement and negligent misrepresentation. (*See id.* ¶¶ 31-49.)

2.    The Debtor, Cunningham, and Kitson moved to dismiss the Amended Complaint, and the state court denied that motion on September 18, 2024. A copy of the state court's Ruling and Order is included as **Exhibit B**.

3.    On October 4, 2024, the Debtor, Cunningham, and Kitson answered the Amended Complaint, and the Debtor filed a counterclaim against RocketDrop. A copy of the Answer to Amended Complaint and Counterclaim is included as **Exhibit C**.

4.    On October 7, 2024 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code, thereby triggering an automatic stay of all pending litigation against the Debtor, including the claims against the Debtor in the Utah Case. Unlike the Debtor, Cunningham and Kitson have not filed petitions for relief under the Bankruptcy Code.

Document    Page 3 of 7

5.     RocketDrop filed a Notice of Bankruptcy in the Utah Case on October 24, 2024. A copy of the Notice of Bankruptcy is included as **Exhibit D**.

6.     On December 10, 2024, the Debtor, Cunningham, and Kitson filed a Notice of Bankruptcy and Notice of Automatic Stay ("Defendants' Notice"), indicating that "this matter," *i.e.*, the Utah Case, "is stayed pending further order of the court." A copy of Defendant's Notice is attached as **Exhibit E**.

7.     RocketDrop seeks an order from this Court confirming that the automatic stay under § 362 of the Bankruptcy Code does not apply to RocketDrop's claims against non-debtors Cunningham and Kitson.

## II.    Legal Standard.

8.     Subsections 362(a) and 362(d) govern this motion.

9.     Subsection 362(a) prescribes that, with unapplicable exceptions, a petition for relief under the Bankruptcy Code "operates as a stay, appliable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case, or to recover a claim against the debtor that arose before the commencement of the case under" the Code. 11 U.S.C. § 326(a).

10.    In turn, § 362(d) provides, in relevant part, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay . . . for cause . . ." 11 U.S.C. § 362(d)(1).

**III.     Argument.**

11.     RocketDrop requests an order confirming that the automatic stay does not apply to its claims in the Utah Case against Cunningham and Kitson, as they suggest in the Utah Case.

12.     "By its terms, the automatic stay applies only to the Debtor and does not prevent actions against non-debtor principals, officers, employees, and other related parties." *In re Vector Arms, Corp.*, 2015 Bankr. LEXIS 4181, at *18 (D. Utah Dec. 11, 2015) (citing *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994)); *see also*, *Onset Fin., Inc. v. Future Legends Ltd. Liab. Co.*, 2024 U.S. Dist. LEXIS 213177, at *3 (D. Utah Nov. 21, 2024) (same). Thus, "although the stay provided by 11 U.S.C. § 362(a) is automatic as to the debtor, it is not automatic as to others. Unless the bankruptcy court expressly extends the stay to others, it applies by its literal terms only to the debtor." *Id*. at *19 (citing *Fisher Sand & Gravel Co. v. W. Sur. Co.*, 2009 U.S. Dist. LEXIS 114431 (D.N.M. 2009)).

13.     Here, the Debtor has taken no steps to request that the Court extend the stay to Cunningham and Kitson. Nor could the Debtor credibly seek such relief because the primary purpose of an automatic stay "is to protect the debtor and its estate from creditors." *In re Curtis*, 40 B.R. 795, 798 (Bankr. D. Utah 1984). And "the policy underlying the automatic stay is to protect the debtor's estate from 'the chaos and wasteful depletion resulting from multifold, uncoordinated and possibly conflicting litigation.'" *Id.,* at 799 (quoting *In re Frigitemp. Corp.*, 8 B.R. 284, 289 (S.D.N.Y. 1981)). Extending the automatic stay to civil actions against non-debtors like Cunningham and Kitson would advance neither of those objectives. Accordingly, the automatic stay does not apply to RocketDrop's claims against them in the Utah Case.

14.   For the same reasons, even if the automatic stay applied, there is "cause" under § 362(d) to terminate it so that the Utah Case may proceed against the non-debtor defendants. "Cause" for termination of the stay under § 362(d) includes when relief is "necessary to permit litigation to be concluded in another forum, particularly if the non-bankruptcy suit involves multiple parties or is ready for trial." 3 Collier on Bankruptcy ¶ 362.07[3][a]. Here, the State Case involves multiple non-debtor parties who have not sought let alone met their burden of showing that the automatic stay should extend to them. Thus, even if the stay applied to some port of to the case, it should be lifted for cause to permit the State Case to proceed against non-debtor parties.

**IV.   Conclusion.**

15.   For the foregoing reasons, RocketDrop respectfully requests entry of an order confirming that the automatic stay does not apply to RocketDrop's claims against Cunningham and Kitson in the Utah Case. Moreover, RocketDrop requests that the Court waive the stay applicable to the order under Rule 4001(a)(3), if any, because RocketDrop is not seeking to continue the State Case against the Debtor or its property, but rather against non-debtor parties.

DATED this 31st day of December 2024.

HOLLAND & HART LLP

*/s/ Engels J. Tejeda*
Engels J. Tejeda
Cory A. Talbot
April M. Medley
*Attorneys for RocketDrop, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John Christiansen, John@Utahlaw.legal
Steven M. Rogers, srogers@roruss.com
Counsel for the Debtor

Melinda Willden, melinda.willden@usdoj.gov
USTPRegion19.SK.ECF@usdoj.gov
US Trustee Office

I further certify that on December 31, 2024, a copy of the foregoing was served on the following non CM/ECF registered participants by electronic mail and by First Class Mail, U.S. postage prepaid to the following addresses, which include addresses for the Debtor, the co-Defendants in the State Case, and the largest 20 unsecured creditors:

iRecertify
500 South 500 West, BLDG 3
Lindon, Utah 84042

Kirk Cunningham
500 South 500 West Bldg 3
Lindon, Utah 84042

Brett Kitson
500 South 500 West Bldg 3
Lindon, Utah 84042

Kirk Cunningham and Brett Kitson
c/o Pearson Butler LLC, Attn: Russell S. Walker
1802 West South Jordan Parkway, Suite 200
South Jordan, UT 84095

American Express
PO Box 60189
City of Industry, CA 91716

Chase
PO Box 6294
Carol Stream, IL 60197-6294

E Chabot LTD
195 Carter Drive, Unit 2R
Edison, NJ 08817

FedEx
3875 Airways,
Module H3
Department 4634
Memphis, TN 38116

Kevin William Prince
13530 S Aintree Avenue
Draper, UT 84020

Luxor Saving Corp
195 Carter Drive, Unit 2R
Edison, NJ 08817

Nadavon Capital Partners, LLC
3857 Birch Street, Suite 258
Newport Beach, CA 92660

Nelsen Cox
7815 Road W 2 SE
Warden, WA 98857

Newair, LLC
6600 Katella Ace
Cypress, CA 90630

Orchards at 19th,
L.C./Alpine Manag. Group
PO BOX 1430
Layton, UT 84041

Ouiby, Inc.
PO Box 21584
Boulder, CO, 80308-4584

The Andrea Golding Trust
45 W South Temple, #1000
Salt Lake City, UT 84101

The Anthony W Spehar Rev Trust
3645 S Bountiful Blvd
Bountiful, UT 84010

The John L Legge Trust
1078 N 1800 E
Mapleton, UT 84664

The Karen D Barney Trust
9 Circle Oaks
Sandy, UT 84092

The Kay Family Trust
8091 W Canyon Road
Herriman, UT 84096

The Ruediger Tillmann Inter Vivos Trust
1927 E Quail
Crossing Lane
Sandy, UT 84092

The Ruff Family Trust
13816 Carnoustie Court
Herriman, UT 84096

Trenton R Eyre Trust
631 W Galena Grove Way
Draper, UT 84020

Vivint
4931 North 300 West
Provo, UT 84604

*/s/ Engels J. Tejeda*
Engels J. Tejeda

33917666_v1